Welch, J.
The pleadings and evidence in the case are very voluminous, but the material facts may be briefly stated, as follows:
In April, 1842, William Childs, being indebted to William H. Brown & Co. in $ 1,121.25, in order to secure the debt, assigned to them that amount of a judgment for some sixteen hundred dollars, which he had recovered in 1841 against said Edmund R. Welsh ; and afterward, in July, 1843, assigned to Stafford, Stillwell & Co. $ 154.61 of the same judgment, to secure that amount, which he owed them.
Welsh, with notice of these assignments, subsequently paid to Childs the amount of the judgment, except a small balance omitted to be paid by mistake. This payment was made partly in money *297 and partly in ehoses; and Welsh thereupon procured a satisfaction of the judgment to be entered upon the record by Childs.
In August, 1845, William BE. Brown & Co. filed their bill in chancery against Welsh and Childs, making Stafford, Stillwell & Co. also defendants therein, and alleging the facts aforesaid, and also that Welsh was insolvent; praying, among other things, that said satisfaction might be vacated, and the money and clioscs so received by Childs be paid and delivered over to said assignees, and the “avails” thereof applied upon the judgment. And on the hearing of the case a decree pro confesso was taken accordingly.
Childs never paid over the money so received by him; but he delivered up the ehoses agreeably to said decree, and they were reduced to money, and the net amount, after deducting attorneys’ fees, credited upon the judgment, leaving, however, a largo balance still due thereon.
In 1857, the judgment having become dormant, the assignees caused it to be revived, and sued out execution thereon for the balance so remaining due. It is to enjoin the collection of this balance that the present action is brought.
*The debts due to the assignees from Childs were never reduced to judgment, and the statutory period for their limitation had elapsed before the commencement of the present action.
•On the hearing of the case, by agreement of counsel,- only a part of the record in the chancery proceeding, consisting merely of the pleadings and decree, was given in evidence. From this it appears that Stafford, Stillwell & Co. were made parties by the bill of complaint, and their rights were adjudicated by the decree; but it does not directly appear that they entered any appearance in the cause, ■or that they, or any of the defendants therein, were served with process.
The ground mainly relied upon by the plaintiff is that the bill in ■chancery, and the decree taken thereunder, amount to an election on the part of the assignees, to affirm the payment made to Ghilds. We do not so understand the proceeding. It sought to vacate, and did vacate the entry of satisfaction, not merely as to the small balance unpaid, but as to the entire judgment. The prayer of the bill, and uhe directions of the decree are, not that credit should be given on the judgment absolutely, and to the full amount, for the money and ehoses paid to Welsh, but that credit should be given for them when paid over, and then only for their net avails. The petition was *298 in tbe nature of a creditor’s bill, seeking, first, to vacate the false entry of satisfaction, and secondly, to subject the money and choses of Welsh, in the hands of Childs, to its satisfaction; and the decree is to the same effect. The proceeding is in disaffirmance of the transaction between Welsh and Childs.
But it is claimed that the proceeding in chancery does not bind the parties, because the debts due from Childs to these assignees were not first reduced to judgments. It is a sufficient answer to say that, where the court has jurisdiction, an erroneous decree, until reversed by direct proceeding, binds all the parties in the cause. But we apprehend it was not erroneous in this respect. The bill was filed upon the judgment, and not upon the claims against Childs, which were the mere consideration of the assignments. In legal effect, the assignment *was an irrevocable power of attorney to enforce payment of the judgment in any manner that Childs himself could have enforced it.
It is said, however, that the record does not show that Stafford, Stillwell & Co. were served with process, or appeared in the case; that they can not therefore claim any rights under the decree, and must be put to their proof in pais, to impeach the payment made to Childs. Under the circumstances — that part of the record relating to service of process and appearance, by agreement, having been withheld — it seems to us we are bound to presume that all parties named as such in the decree were properly before the court.
The counsel for plaintiff also contend that the claims due from Childs to the assignees having now become barred by limitation, all their rights have been extinguished, and they have no longer any authority to control the judgment. This is no defense against the enforcement of the judgment. Welsh can not thus plead the statute of limitation for Childs. If Welsh could show that the judgment has been extinguished, that would be a defense. It matters not to him whether the assignees have, or indeed whether they ever had, a just claim against Childs, provided the interest of Childs in the judgment has, bona fide, been transferred to them. I suppose, however, Childs himself could not plead the limitation of the original debts, in order to defeat the rights of the assignees of the judgment. Much less can Welsh do so.'
The plaintiff’s petition will be dismissed with costs. .And as the judgment, during the pendency of the provisional injunction, has become dormant, an order may be entered for its revival, as to the *299 balance still due, and that execution issue therefor. In finding this balance, we think the assignees have no right to charge for or deduct attorneys’ fees, except in the case where they are specially authorized so to do by said decree.

Judgment accordingly.

Day, C. J., and White, J., concurred.
Brinkerhoee and Scott, JJ., did not sit in the case.